UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH L. CASH,

       Plaintiff,

v.

METLIFE INVESTORS INSURANCE
CO. and METROPOLITAN LIFE
INSURANCE COMPANY,

       Defendants.
                              /

File No. 5:04-CV-212

HON. ROBERT HOLMES BELL

## **O P I N I O N**

The matter before this Court involves a claim for benefits under a life insurance policy. The issue is whether adequate notice was provided, as required by the terms of the insurance policy and MICH. COMP. LAWS § 500.4012(b), when the insurance company mailed notice of the impending termination of the policy after the lapse of the policy due to non-payment, but before coverage was entirely terminated.

Plaintiff Deborah L. Cash ("Plaintiff") seeks recovery of insurance proceeds for the death of her husband, John Cash ("Decedent"), under the life insurance policy ("the Policy") issued by Defendant, Metropolitan Life Insurance Company ("Metlife"). Before the Court is Metlife's motion for summary judgment. Metlife contends that adequate notice of

termination of the Policy was given.[1]  For the reasons that follow, the Court will grant Metlife's motion for summary judgment.

## I.

On December 23, 1992, Metlife issued a life insurance policy to Decedent in the amount of $124,000.  (Policy at p.1).  The Policy required the Decedent to make semiannual payments of $1,105.78.  (Policy at p. 3).  The Decedent made timely payment during the first three years, but in 1996 the Decedent initiated loans from the Policy in order to meet the June 23, 1996 and December 23, 1996 payments.  (Aff. of Sandra Brunkhorst ¶ 5-6).

The Decedent failed to make the payment that was due on December 23,1997, and at that time the Policy lapsed.  (Aff. of Sandra Brunkhorst ¶ 7).  The Policy included provisions regarding a 31 day grace period,[2] the consequences surrounding the non-payment of premiums,[3] and a promise to provide notice of termination of the Policy.[4]  In accordance with

---

[1] Although Metlife originally argued that neither the terms of the Policy nor Michigan law required them to provide notice to Decedent of cancellation of the life insurance policy, Metlife has subsequently recanted from this erroneous position.

The unambiguous terms of the Policy contain a promise that Metlife will provide notice of termination of the Policy 31 days prior to cancellation.  (Policy at p. 7).  Furthermore, Michigan law clearly requires providers of life insurance to provide notice of termination 30 days prior to cancellation.  MICH. COMP. LAWS § 500.4012.

[2] Grace Period: "After the first premium is paid, there will be a grace period of 31 days after each premium due date to pay the premium.  If the insured dies during a grace period, the insurance proceeds will still be payable." (Policy at p. 7).

[3] Non-Payment of premiums: "If any premium due before the first date shown under 'value date' in the table of values on page 4 is not paid by the end of its grace period, your policy will end as of the due date of that premium.  If any premium due on or after that date is not paid by the end of it's grace period, the insurance coverage will continue for a limited

the terms of the Policy, when the Policy lapsed due to non-payment, Metlife used the Policy's net cash value of $3,120.67 to purchase term insurance in the amount of $123,033. *Id*. ¶ 10. This term insurance provided coverage for the Decedent until September 6, 2002.[5] *Id*. ¶ 11.

On or about March 9, 1998, Metlife received from Decedent the payment that was due on December 23, 1997. *Id*. ¶ 12. Metlife returned this check to the Decedent because it was received after the 31-day grace period established by the Policy. *Id*. On January 18, 1999, Metlife sent the Decedent a letter[6] which notified him of the lapse of the policy and the policy's automatic continuation until September 6, 2002, as term insurance. (Def. Mot. Summ. J. Ex. C). This letter also informed the Decedent of his ability to reinstate the insurance policy. *Id.* In response to the Decedent's request for information, Metlife sent a second letter dated December 21, 2000, which included an application to re-instate the

---

time as extended term insurance." (Policy at p. 7)

[4]Notice: "We will mail notice to you at least 31 days before termination. We will also mail notice to any assignee on our records. You can prevent termination by making sufficient repayment of the loan." (Policy at p. 7)

[5]The September 6, 2002 date was calculated by applying the policy's net cash value of $3,120.67 to the "table of values" contained in the Policy. (Policy at p. 4,7). While the Court is uncertain of how this exact date was calculated, Plaintiff does not contest that this was when the "term insurance" expired.

[6]January 18, 1999 Letter: "Insured: John H Cash. Because the premium due on Dec. 23, 1997 has not been paid, policy number 928 408 506 A is now continued as nonparticipating paid-up term insurance on the life of the insured in the amount of $123,033. In the event of the insured's death on or before Sept. 6, 2002 the term insurance will be payable. The term insurance will automatically terminate on Sept. 6, 2002." (Def. Mot. Summ. J. Ex. C).

insurance policy. The Decedent never responded to this letter. (Def. Mot. Summ. J. Ex. D). The Policy was terminated on September 6, 2002. Decedent died on November 4, 2002. (Def. Mot. Summ. J. Ex. E). Plaintiff now seeks to collect on the Policy.

## II.

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.,* 395 F.3d 338, 342 (6th Cir. 2005); *Layne v. Bank One, Ky, N.A.,* 395 F.3d 271, 275 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *see Trustees of Resilient Floor Decorators Ins. Fund v. A&M Installations, Inc.,* 395 F.3d 244, 247 (6th Cir. 2005); *Mas One Ltd. P'ship v. United States*, 390 F.3d 427, 429 (6th Cir. 2004). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 301 (6th Cir. 2005).

## III.

In this case, summary judgment is appropriate because the undisputed facts clearly indicate that adequate notice of termination of the Policy was provided prior to cancellation.

4

The Policy required that notice be given prior to cancellation. The terms of the Policy clearly state "we will mail notice to you at least 31 days before termination. We will also mail notice to any assignee on our records. You can prevent termination by making sufficient repayment of the loan." (Policy at P. 7)**.** Furthermore, notice to the insured prior to cancellation of the Policy is also required by statute.[7]

Plaintiff argues that adequate notice was not provided because Metlife did not give notice until after the Policy had lapsed. It is true that Metlife did not give notice until after the Policy lapsed because the lapse occurred on December 23, 1997, and notice was provided on January 18, 1999. However, neither the statute nor the insurance contract requires that notice be given 31 days before the Policy lapses. Instead, the Policy requires that notice be given 31 days prior to "termination," and MICH. COMP. LAWS § 500.4012(b) requires that notice be given 30 days prior to "termination of coverage."

The facts here do not indicate that coverage was terminated on December 23, 1997, when the Policy lapsed. The January 18, 1999, letter states "because the premium due on Dec. 23, 1997 has not been paid, policy number 928 408 506 A is now continued as nonparticipating paid-up term insurance on the life of the insured in the amount of

---

[7]Each life insurance policy shall contain the following provisions:

b) That written notice shall be sent by the insurer to the policyowner's last known address at least 30 days prior to termination of coverage. This subdivision does not apply to an insurer that collects a majority of its annual premium in person.

MICH. COMP. LAWS § 500.4012 (b).

$123,033." This did not constitute a termination. Instead, it merely indicated that the Policy lapsed and a different form of coverage was provided. It is clear that actual coverage was not terminated until September 6, 2002. Until that time Decedent was covered through the automatic purchase of "term insurance" as dictated by the Policy. Thus, termination of the insurance did not occur until September 6, 2002.

According to the plain language in the policy and of MICH. COMP. LAWS § 500.4012, the insurer was required to give notice at least 31 and 30 days, respectively, prior to termination of coverage. Termination occurred on September 6, 2002. Thus, the insurer was required to provide notice of termination before early August 2002.

Metlife mailed notice of the impending termination on or about January 18, 1999. The letter stated "the term insurance will automatically terminate September 6, 2002." This letter clearly gave notice of the impending termination, and satisfied the time requirement under the statute and the Policy that notice of termination be provided prior to cancellation.

Furthermore, Metlife's second letter indicates that the Decedent received the first letter and was aware of the Policy's lapse and his ability to cure the Policy. The second letter stated "as you have requested, we will gladly consider reinstating your policy." This response indicates that the Decedent requested information on how he could re-instate the Policy, which, in turn, indicates that he had actual notice that the Policy had lapsed and was to be terminated.

6

**IV.**

The evidence before this Court can lead to only one conclusion.  The terms of the Policy and MICH. COMP. LAWS § 500.4012(b) required Metlife to provide adequate notice of termination of the Decedent's life insurance policy.  The Policy was terminated on September 6, 2002.  Metlife satisfied its duty to provide notice by its January 18, 1999 letter.  This letter informed the Decedent of the impending termination of his life insurance policy at least 31 days prior to the date of cancellation.  This notice satisfied the requirements of the Policy and Michigan law.  Plaintiff has not shown any facts which indicate that notice was not sent prior to August 2002.  Instead, Plaintiff agrees that the January 18,1999, letter did provide notice of the Policy's termination. (Pl's Mot. Summ. J. at 5).  The record reveals that there are no issues as to any material fact in dispute, and Metlife is entitled to judgment as a matter of law.  An order and judgment consistent with this opinion will be entered.


Date:      June 14, 2005                    /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     CHIEF UNITED STATES DISTRICT JUDGE